**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

RANDY ALLEN,

    Petitioner,

v.                                          Case No: 8:13-cv-1093-T-CEH-JSS

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## ORDER

Randy Allen ("Allen" or "Petitioner"), an inmate in the Florida penal system proceeding *pro se*, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. 1). The Court has considered the petition, Respondent's response (Dkt. 10), and Petitioner's Reply (Dkt. 16). Upon review, the Court determines that the petition must be denied because the state court's denial of Petitioner's claims was well supported by the record and by federal law.

## BACKGROUND

Allen was found guilty by jury of two counts of sale of heroin and possession of heroin with intent to sell. The Twelfth Judicial Circuit Court of Florida sentenced Allen to concurrent terms of twenty-five years' imprisonment on Count I as a habitual offender and fifteen years' imprisonment on Count II. Allen appealed, and the Second District Court of

1

Appeal of Florida affirmed the judgment and sentences *per curiam*. *See Allen v. State*, 4 So. 3d 1229 (Fla. 2d DCA 2009) (Table). Allen filed a Petition alleging ineffective assistance of appellate counsel in direct review proceedings, and the appellate court denied the Petition. *See Allen v. State*, 13 So. 3d 1061 (Fla. 2d DCA 2009) (Table).

Allen filed an application for state post-conviction relief pursuant to Fla. R. Crim. P. 3.850, claiming that ineffective assistance of counsel at trial violated his Sixth and Fourteenth Amendment rights because counsel failed to (1) investigate, depose, and subpoena Rhonda Mooney, the confidential informant ("Mooney"); (2) move to suppress Allen's confession; and (3) object and move for a mistrial due to inadmissible hearsay testimony by Officer Bunch and Officer Skoumal. The state post-conviction court denied Ground Two and the portion of Ground Three concerning Officer Bunch's testimony, and held an evidentiary hearing on Ground One and Ground Three as to Officer Skoumal's testimony. (Ex. 14, 15). Upon considering the testimony at the evidentiary hearing, the court denied the remaining grounds. (Ex. 16). After the court-appointed appellate attorney filed an *Anders*[1] brief, Allen appealed *pro se* the denial of his 3.850 motion on Ground One and Ground Three. The appellate court *per curiam* affirmed the lower court's denial. *See Allen v. State*, 106 So. 3d 935 (Fla. 2d DCA 2013).

Allen timely filed the instant § 2254 petition for federal habeas relief asserting trial counsel was ineffective for failing to (1) investigate, depose, and subpoena the confidential informant to testify at trial; (2) move to suppress Petitioner's confession; (3) object and

---

[1] *See Anders v. California,* 386 U.S. 738 (1967).

2

move for mistrial in response to the State's use of inadmissible hearsay evidence; and (4) appellate counsel was ineffective for failing to raise the sufficiency of the evidence concerning the "buy money." (Dkt. 1).

## STANDARD OF REVIEW

**I.      Section 2254 Cases**

Pursuant to § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted and effective on April 24, 1996, "a district court shall entertain an application for a writ of habeas corpus [on] behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "Federal habeas proceedings 'are not forums in which to relitigate state trials.'" *Jamerson v. Sec'y for the Dep't of Corr.,* 410 F.3d 682, 687 (11th Cir. 2005) (quoting *Barefoot v. Estelle,* 463 U.S. 880, 887 (1983)).

Where a state court initially considers the issues raised in the petition and enters a decision on the merits, § 2254(d) governs the review of those claims. *See Penry v. Johnson,* 532 U.S. 782, 792 (2001). A federal court may grant a § 2254 petition only if the state decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." § 2254(d); *see also Price v. Vincent,* 538 U.S. 634, 638 (2003); *Maharaj v. Sec'y for the Dep't of Corr.,* 432 F.3d 1292, 1308 (11th Cir. 2005). The

Supreme Court discussed the meaning of the "contrary to" and "unreasonable application" clauses in *Williams v. Taylor,* 529 U.S. 362, 412-13 (2000):

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Section 2254 establishes a highly deferential standard for reviewing state court judgments. *Parker v. Sec'y for the Dep't of Corr.,* 331 F.3d 764, 768 (11th Cir. 2003). If a federal court concludes that a state court applied federal law incorrectly, it may grant habeas relief only if that application was "objectively unreasonable." *Id.; see also Yarborough v. Gentry,* 540 U.S. 1, 4 (2003). Moreover, under § 2254(e)(1), a state court's factual findings shall be presumed correct, and the petitioner can rebut the presumption of correctness only by clear and convincing evidence. *See Parker,* 331 F.3d at 768.

## II.   Ineffective Assistance of Counsel

Allen raises allegations of ineffective assistance of counsel, a difficult claim to sustain. "[T]he cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Waters v. Thomas,* 46 F.3d 1506, 1511 (11th Cir. 1995) (*en banc*) (quoting *Rogers v. Zant,* 13 F.3d 384, 386 (11th Cir. 1994)). In order to show a violation of the Sixth Amendment right to counsel, Allen must satisfy the two-pronged inquiry of *Strickland v. Washington,* 466 U.S. 668, 687 (1984). *See Bell v. Cone,* 535 U.S. 685, 698 (2002) (holding that courts should

4

apply *Strickland* to claims that counsel failed to satisfy constitutional requirements at specific points).  First, Allen must demonstrate that the attorney's performance was deficient, meaning that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  *Strickland,* 466 U.S. at 687.  Second, Allen must prove prejudice in that he "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id.* at 694.  The petitioner must prove both prongs of *Strickland.*  "There is no reason for a court deciding an ineffective assistance claim to . . . address both components of the inquiry if the defendant makes an insufficient showing on one."  *Id.* at 697.  Therefore, if Allen fails to establish either deficient performance or prejudice, the court need not address the other prong.

## **DISCUSSION**

**Ground One**

In Ground One of his petition, Allen complains that trial counsel was ineffective for failing to investigate, depose, and subpoena Mooney, the confidential informant. Allen argues that his counsel's deficient performance prejudiced the defense because Mooney's testimony would have supported Allen's position of innocence and proven that Allen was "merely a passenger in the vehicle."  Allen claims the State "presented no evidence that Petitioner sold or had any possession of heroin."

Allen asserts that Mooney named the person who sold her heroin as "P-star," a nickname referring to Allen's friend arrested in the same incident, instead of "P.C.,"

5

Allen's nickname. While Detective Skoumal testified that Mooney stated she could "purchase heroin from a guy that she knew as P-star," Skoumal also testified that he heard the phone call between Mooney and the person with whom she coordinated the drug deal, and he was clear the other voice was a male. Other than Allen (a male), two women and a baby were the only other people in the car at the time of the transaction.

Allen's counsel explained at the evidentiary hearing that, after consulting with Allen, he determined calling Mooney as a witness would not benefit Allen's case. This decision proved sound when, at the evidentiary hearing, Mooney testified that she believed she executed the drug transaction with Allen, whom she identified in the courtroom. Accordingly, the state post-conviction court found that counsel made a valid strategic decision not to investigate, depose, and subpoena Mooney.

Rarely does a strategic decision qualify as deficient performance "outside the wide range of professional competent assistance," and it does not do so here. *See Strickland,* 466 U.S. at 687. "Failing to call a particular witness constitutes ineffective assistance of counsel only when the absence of the witness's testimony amounts to the abandonment of a viable, outcome-changing defense." *See Jordan v. McDonough,* 2008 U.S. Dist. LEXIS 831 (M.D. Fla. 2008) (citations omitted). "In all other cases, the failure to call a witness is either an objectively-reasonable strategic decision or a non-prejudicial error." *Id.* (citation omitted).

This Court agrees with the post-conviction court that counsel made a strategic decision. The absence of Mooney's testimony does not amount to an outcome-changing defense. If anything, calling Mooney as a witness would have weakened Allen's case.

6

Counsel's decision not to call Mooney as a witness does not prejudice the defense or constitute ineffective assistance. Therefore, Ground One fails.

**Ground Two**

In Ground Two of his petition, Allen complains that trial counsel was ineffective for failing to move to suppress Allen's involuntary confession. Before a petitioner can pursue a motion pursuant to § 2254, the petitioner must exhaust the remedies available in state court. § 2254(b)(1)(A). In other words, the petitioner "must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *see also Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003) ("A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts.").

To exhaust his or her claim, the petitioner must apprise the state court of the federal constitutional issue, not just the underlying facts of the claim or a similar state law claim. *Snowden v. Singletary*, 135 F.3d 732 (11th Cir. 1998). Under the procedural default doctrine, "[i]f the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is applicable." *Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001). Allen did not include Ground Two in his *pro se* Initial Brief appealing the denial of his post-conviction relief. Consequently, Allen did not invoke a complete round of the appellate review process; he did not exhaust

his state remedies with regard to this claim. Thus, Allen is procedurally barred from raising the claim here.

Even assuming the claim was exhausted, it would still fail on the merits. *See* 28 U.S.C. § 2254(b)(2). Only by way of explanation to the petitioner, the Court will discuss the merits of this claim. "[W]here a defendant claims that his guilty plea is involuntary because [it was] prompted by police threats to prosecute a third party, the defendant bears the 'heavy burden' of showing that at the time the threats were made, the police did not have probable cause to believe that the third party had 'committed a crime.'" *Newland v. Hall*, 529 F.3d 1162, 1189 (11th Cir. 2008) (citing *Martin v. Kemp*, 760 F.2d 1244, 1247-48 (11th Cir. 1985)).

Allen argues that his confession was provoked by threats and coercion. Allen does not argue that he or a family member was threatened. Rather, Allen asserts that law enforcement informed him of the obvious—Allen's friend, arrested at the same time, may lose her child to Child Protection Services if she were charged with the sale and possession of heroin. Police would have had probable cause to charge Allen's friend, a third party, with the crime given that she was in the car at the time of the transaction and the drugs were found in her lap. Informing Allen of potential consequences does not suffice as a threat or coercion capable of provoking an involuntary confession. *See U.S. v. Hufstetler*, 782 F.3d 19, 23 (1st Cir. 2015) (citing *United States v. Jackson*, 918 F.2d 236 (1st Cir. 1990). Therefore, Allen's claim lacks merit.

**Ground Three**

In Ground Three of his petition, Allen claims that his Sixth Amendment rights were violated when trial counsel failed to object and move for mistrial in response to the State's use of inadmissible hearsay evidence. Specifically, Allen argues that Detective Bunch (Bunch) and Detective Skoumal (Skoumal) testified to facts gleaned from Mooney and offered as proof that Allen committed the crime. Allen did not include Ground Three as to Bunch's testimony in his *pro se* Initial Brief appealing the denial of his post-conviction relief. Consequently, as discussed in Ground Two, Allen did not invoke a complete round of the appellate review process; he did not exhaust his state remedies with regards to this claim. Thus, Allen is procedurally barred from raising the portion of the claim regarding Bunch here.

Even assuming the Bunch portion of this claim was exhausted, it would still fail on the merits. *See* 28 U.S.C. § 2254(b)(2). Only by way of explanation to the petitioner, the Court will discuss the merits of this claim. Allen's counsel was not ineffective because the statements were not hearsay, and any objection would have been meritless. Bunch only testified about his own observations and activities during the buy-bust operation. He did not reference any information from the confidential informant. Therefore, Bunch's testimony does not amount to hearsay.

Likewise, Allen's counsel was not ineffective for failing to object to Skoumal's testimony because Skoumal's statements were not hearsay, and any objection would have

been meritless. "Statements by out of court witnesses to law enforcement officials may be admitted as non-hearsay if they are relevant to explain the course of the officials' subsequent investigative actions, and the probative value of the evidence's non-hearsay is not substantially outweighed by the danger of unfair prejudice. . ." *U.S. v. Baker*, 432 F.3d 1189, 1259 n.17 (2005). Skoumal's testimony about Mooney's statements was not used to prove the truth of Allen's guilt. Instead, the statements merely explained why Skoumal took certain actions during his investigation.

Counsel's failure to object to Skoumal's testimony, like the failure to call Mooney to testify, was a reasonable strategic decision. Allen claims Skoumal testified that the CI received the heroin "from the Petitioner." (Dkt. 6). However what Skoumal actually stated was that Mooney gave information that she could "purchase heroin from a guy that she knew as P-star." (Ex. 2, Tr. 82). And, rather than prejudice Allen's case, Skoumal's statement may have even helped because he references "P-star," a nickname that does not refer to Allen. Baylone Sherman was known as "P-star". Thus, Allen fails to satisfy the second prong of *Strickland* because he does not demonstrate that the outcome of the trial would be different but for counsel's failure to object to Skoumal's hearsay testimony. *See Strickland,* 466 U.S. at 687.

**Ground Four**

In Ground Four of his petition, Allen concludes that appellate counsel was ineffective for failing to raise on appeal an insufficiency of evidence argument concerning the "buy money." "[T]he Sixth Amendment does not require appellate attorneys to press every non-frivolous issue that the client requests to be raised on appeal, provided that

10

counsel uses professional judgment in deciding not to raise those issues." *Eagle v. Linahan,* 279 F.3d 926, 940 (11th Cir. 2001) (citing *Jones v. Barnes,* 463 U.S. 745, 751 (1983)). Allen's argument holds no merit because the prosecutor presented sufficient evidence that the money recovered was the "buy money" supplied to Mooney. Before the drug transaction, detectives searched Mooney and found nothing illegal on her. Also, Skoumal photocopied the "buy money" before it was handed to Mooney. After the transaction, detectives searched Mooney again and found two baggies of heroin on her. Skoumal affirmed that the photocopy of the money matched the serial numbers of the money recovered from the front seat of the car in which Allen was sitting. Though Allen was sitting in the backseat, officers testified they saw Mooney dealing with Allen in the back seat, and Allen threw the "buy money" into the front seat. Thus, Allen fails to show deficient performance or prejudice under *Strickland*. *See Strickland,* 466 U.S. at 694.

Any claims not specifically addressed herein have been deemed to be without merit.

## **CONCLUSION**

For the reasons set forth above, all of Allen's claims are without merit and will be denied.

It is therefore ORDERED AND ADJUDGED that:

1. The petition for writ of habeas corpus (Dkt. #1) is DISMISSED as to Grounds Two and Three with regard to Detective Bunch's testimony and DENIED as to Grounds One, Three with regard to Detective Skoumal's testimony, and Four.

2. The Clerk is directed to enter judgment in favor of Respondent and against Petitioner, terminate any pending motions, and close this file.

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL
### *IN FORMA PAUERIS* DENIED

IT IS FURTHER ORDERED that Allen is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability. *Id*. "A certificate of appealability may issue … only if the applicant has made a substantial showing of the denial of a constitutional right." *Id*. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Allen has not made the requisite showing in these circumstances.

Finally, because Allen is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

DONE AND ORDERED this 29th day of September, 2016, at Tampa, Florida.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

<u>Copies furnished to:</u>
Counsel/Parties of Record

S:\Odd\2013\13-cv-1093 2254 Order CEH.docx